YATES, Judge.
This is an appeal from a summary judgment.
Wayne Jacks worked as a police officer for the City of Birmingham (City) from July 29, 1960, until February 28, 1981, when he re *686 tired from active service under the City’s “supplemental retirement pension plan.” On August 14, 1990, Jacks transferred from the supplemental plan to the “regular service retirement pension plan.”
In 1990, the City adopted Ordinance No. 90-12, which allowed for an increase in the regular retirement monthly benefit. However, the ordinance restricted the increase to" participants who had active City service time on and after July 1, 1989. Jacks requested that he be awarded the increase, but the Board of Managers of the City of Birmingham Retirement and Relief System (Board) denied his request. Jacks sued the Board in September 1990, and later filed a motion for summary judgment. The trial court granted the motion and entered a judgment on January 4, 1998, in favor of Jacks. The Board appeals, arguing that the increased benefit did not apply to Jacks because his retirement date was before the effective date of the ordinance providing the increased benefit, and that “the benefit increase, by its terms, applied only to those participants who actually paid an increased contribution from their salary and wages.” The other issue raised by the Board is not properly before us because it was not raised at the trial court level. Campbell v. Alabama Power Co., 567 So.2d 1222 (Ala.1990).
Our Supreme Court noted in Henson v. Celtic Life Ins. Co., 621 So.2d 1268 (Ala.1993):
“The applicable standard for our review of a summary judgment is the ‘substantial evidence’ rule. Under this rule, once the movant has shown, prima facie, that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law, the nonmovant must introduce ‘substantial evidence’ to rebut this showing.”
Act 556, Alabama Acts 1959, provides for a supplemental pension plan that allows a qualified employee to retire up to 10 years earlier than under the regular service retirement pension. When an employee retires under the supplemental plan, the “Supplemental System” pays to the regular fund the contribution that that employee would have paid had he remained in active service. After obtaining 30 years combined total of active service and supplemental pension time, the retiree can transfer to the regular retirement plan.
The trial court held that state law provides that a retiree not be penalized for participating in the supplemental plan, and that, because state law clearly authorizes no exclusions regarding retirement benefits under that plan, the exclusion should not be given effect. We agree.
Act 1272, Article VI, Section 5, Alabama Acts 1973, provides:
“With respect to Participants who shall belong to and retire under the Supplemental Pension System established by Act No. 556 of the Legislature of Alabama after having accumulated twenty (20) or more years of credited service thereunder but prior to his having accumulated thirty (30) years of credited service hereunder, benefits payable hereunder shall commence on the date on which he would have accumulated thirty (30) years of credited service hereunder had he not retired but rather had continued in his employment with the City, without interruption, as a fireman or policeman. The annual benefit thereupon payable herefrom shall be an amount equal to that which would have been payable ... had he not retired but rather had continued in his employment with the City, without interruption_”
(Emphasis added.)
We conclude that the trial court properly entered the summary judgment in favor of Jacks; that judgment is affirmed. The ap-pellee’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.